
**FILED**
**APRIL 9, 2007**
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| R. WAYNE JOHNSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0065 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION
## TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner R. WAYNE JOHNSON. On March 14, 2007[1], petitioner filed a hand written pleading in this case entitled "Petition for Writ of Habeas Corpus AND Preliminary Injunction" wherein he appears to challenge a prison disciplinary proceeding and the loss of 30 days previously earned good time credits. Petitioner originally filed his case in the United States District Court, Western District of Texas, Midland Division and on April 2, 2007 the case was transferred to this Court where it was received April 5, 2007. It is noted that consistent with his history of filing cases in this Court, petitioner has failed to utilize the form petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Because petitioner's claims are without merit as set

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a prisoner's *pro se* federal habeas petition is deemed filed when the inmate delivers the papers to prison authorities for mailing).

HAB54\DISCIP\R&R\MERITS\JOHNSON-RW0765.DNY:3

forth below, in the interest of judicial economy a form petition will not be required.

It does not appear, following the finding of guilt in the disciplinary proceeding, petitioner filed either a Step 1 nor Step 2 grievance to appeal the disciplinary decision and punishment imposed. In his hand written pleading petitioner appears to claim he is not required to appeal the disciplinary proceeding by filing such grievances, thus petitioner has failed to demonstrate he has exhausted his state remedies.

# I.
# STATE COURT CONVICTION

In this case petitioner has not set forth, in his hand written petition, why he is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). However, as stated above, petitioner is no stranger to this Court and it has been established by prior cases that he is in custody as a result of a 1978 judgment and 99 year sentence out of the 70th Judicial District Court of Ector County, Texas for the offense of aggravated rape.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner does not challenge his underlying conviction.

# II.
# PETITIONER'S ALLEGATION

By his habeas application, petitioner appears to challenge a prison disciplinary proceeding which occurred sometime in December of 2006. According to petitioner, he was charged with possession of contraband and was punished with the forfeiture of 30 days

previously accrued good time credits.  Petitioner claims he was denied his right to counsel.

## III.
## EXHAUSTION OF STATE COURT REMEDIES

Petitioner filed his federal application after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Consequently, no relief may be granted to petitioner unless he has exhausted the remedies available in the courts of the State, or an exception to exhaustion exists.  28 U.S.C. § 2254 also provides that an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.  This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process.  *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980).  Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented."  28 U.S.C. § 2254(c).  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[2]

It appears petitioner failed to file a Step 1 or Step 2 grievance.  It thus appears petitioner JOHNSON's claim was never exhausted and that he is now procedurally barred, by TDCJ time limits, from presenting this claims to state authorities.  Petitioner's claim should be dismissed for failure to exhaust and as procedurally barred.

Additionally, the United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'"  *Baxter v. Palmigiano,* 425 U.S.

---

[2]At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act.  *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

308, 315, 96 S.Ct. 1551, 1556 (1976) (citing *Wolff,* 418 U.S. at 570, 94 S.Ct. at 2981). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing since he was not entitled to representation. Thus this claim is without merit and should be DENIED.

To the extent petitioner requests an injunction be issued barring TDCJ authorities from prosecuting him in future disciplinary cases without affording him counsel and/or to certify this issue as a class action such request is DENIED.

## IV.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner R. WAYNE JOHNSON is without merit and should be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D).  When service is made by mail or electronic means, three (3) days are added after the prescribed period.  Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).